IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CYNTHIA L. MAXWELL | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. C-04-478 |
| | § | |
| JO ANNE B. BARNHART | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff, Cynthia Maxwell, prevailed in a lawsuit in which a decision of the commissioner of social security was reversed. (D.E. 16). Plaintiff now seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"). (D.E. 20). The government did not file a motion opposing the award of attorney fees. For the reasons stated herein, it is recommended that plaintiff's motion for attorney fees pursuant to the EAJA be granted.

**I. PROCEDURAL BACKGROUND**

Plaintiff protectively filed her DIB application on May 11, 1998. She claimed an inability to work since January 13, 1997, following an on-the job injury that resulted in back pain with exertion. (D.E. 10, at 47-49, 55). After an initial denial and upon request for reconsideration, a hearing was held before

Administrative Law Judge ("ALJ") Peter Belli on July 16, 1999. Id. at 275-308. On August 12, 1999, the ALJ rendered a decision denying benefits. Id. at 12-17. Plaintiff appealed, and on July 27, 2000, the Appeals Council denied plaintiff's request for review. Id. at 4-5.

On August 21, 2000, plaintiff filed an appeal with this Court, civil action No. C-00-342. Id. at 380-81. By order of remand entered April 10, 2001, the decision of the commissioner was reversed and then remanded pursuant to sentence 4, 42 U.S.C. § 405(g) for additional administrative proceedings. Id. at 390. In particular, the ALJ was instructed to address properly the opinions of plaintiff's treating physicians and to reassess plaintiff's residual functional capacity ("RFC"). Id. In addition, it was noted that vocational expert testimony should be obtained to determine what jobs, if any, plaintiff could perform. Id.

On remand, a hearing was held before ALJ Belli on December 10, 2002. Id. at 342-376. On May 20, 2003, the ALJ issued a decision denying benefits. Id. at 320-326. The Appeals Council affirmed this decision. Id. at 309-317.

On September 16, 2004, plaintiff timely filed this appeal. (D.E. 1). On February 14, 2005, plaintiff moved for summary judgment to reverse the decision of the commissioner, arguing that the decision was not supported by substantial medical evidence. (D.E. 11 & 12). The government filed a cross motion for

summary judgment and response to plaintiff's motion for summary judgment seeking affirmation of the commissioner's decision. (D.E. 13 & 14).

By order and final judgment entered April 24, 2005, summary judgment was granted in plaintiff's favor. (D.E. 16 & 17). The commissioner's decision was reversed and it was ordered that plaintiff be awarded disability insurance benefits in accordance with the law. Id. The commissioner did not appeal.

## II. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff is the prevailing party in this suit.

2. The commissioner's decision denying plaintiff benefits was not substantially justified.

3. There are no special circumstances that would make an award unjust.

4. The fee application was timely filed.

5. Plaintiff's attorney worked 39.95 hours on this matter; this time was reasonable and necessary to the prosecution of plaintiff's case.

6. The appropriate hourly rate for an attorney pursuant to the EAJA, adjusted for a cost-of-living increase, is $148.89 for 2004 and $153.72 for 2005.

7. Plaintiff is entitled to an award of attorney fees pursuant to the EAJA.

### III.  DISCUSSION

A.    **Attorney Fees Pursuant To The EAJA.**

Plaintiff seeks an award of attorney fees pursuant to the EAJA.  A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) she is the prevailing party, (2) she files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812 (5th Cir. 1994).

    1.    **Prevailing party.**

A party prevails by succeeding on "any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit."  Squires-Allman, 117 F.3d at 920 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In this action, plaintiff challenged the ALJ's decision as not supported by substantial evidence and sought reversal of the ALJ's decision plus an award of benefits or, in the alternative, remand of the action for further development of the administrative record.  (D.E. 2).  The Court reversed the decision of the commissioner and awarded disability insurance benefits in accordance with the law, thus satisfying plaintiff's objective in bringing suit.  (D.E. 16 & 17).

Plaintiff succeeded in reversing the unfavorable decision.  As such, plaintiff

is a prevailing party within the meaning of the EAJA.  See Squires-Allman, 117 F.3d at 920 (citing Hensley, 461 U.S. at 433).

### 2.     **Timely fee application.**

The prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  Final judgment is defined pursuant to the EAJA as "a judgment that is final and not appealable...."  28 U.S.C. § 2412(d)(2)(G).

The EAJA's 30-day time limit runs from the end of the period for appeal. Shalala v. Schaefer, 509 U.S. 292, 298 (1993).  Where the commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has run to submit his application.  28 U.S.C. § 2412(d)(1)(B).

In this case, the order and final judgment were entered on April 26, 2005. (D.E. 17).  The commissioner did not file an appeal within the sixty day period for appeal.  Therefore, plaintiff's motion for award of attorney fees, filed on July 6, 2005, is timely.

### 3. Substantially justified.

In order for the plaintiff to collect attorney fees, the position of the ALJ in denying plaintiff's benefits must not have been "substantially justified." This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court stated that the statutory phrase "substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. at 564. To be substantially justified, the commissioner's case must have a reasonable basis both in law and fact. Id. It is more than merely undeserving of sanctions for frivolousness, but less than "clearly and convincingly justified." Id. at 567.

The award of attorney fees is not to be automatic any time the government loses. Griffon v. United States, 832 F.2d 51, 52 (5th Cir. 1987). The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA. Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993). The Fifth Circuit has held the government's position was substantially justified and,

thus, not allowed attorney fees to be recovered even though the government lost: (1) where the government relied on a regulation which was later invalidated, (2) where the government relied on case precedent later set aside, and (3) when new evidence, not available at the administrative level, became available at trial. Spawn, 989 F.2d at 840 (relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (new evidence, not available at the administrative level).

However, "[a]s a general proposition ... if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (citing Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986)).  In this case, the Court found the ALJ undertook a faulty analysis when, in making his adverse credibility determination, he failed to identify a single activity in which plaintiff engaged that was inconsistent with her testimony of total, disabling pain.  (D.E. 16). The Court also found the ALJ's faulty analysis was further compounded by his failure to consider the combined effects of plaintiff's impairments, neither mentioning her obesity, nor adequately considering her reduced mental abilities.

Id. As a result, the Court found the ALJ's decision was not supported by substantial evidence. Id. Moreover, there was no change in any legal principal relied upon by the government, nor was any new evidence presented that was not available at the administrative level. Id. Therefore, it is recommended that a determination is made that the commissioner's position in this case was not substantially justified.

    **4.**    **Special circumstances.**

The EAJA disqualifies an applicant from an award of fees if the court finds that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to prove special circumstances exist that make an award unjust. Baker, 839 F.2d at 1080 (citations omitted). The government has filed no opposition to the plaintiff's motion for attorney fees and has not proved the existence of any special circumstances. Therefore, no such special circumstances exist in this case making an award unjust.

Plaintiff has demonstrated that she is the prevailing party, the EAJA application was timely filed, the commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust. Plaintiff's motion for an award of attorney fees is maintained properly pursuant to the EAJA.

**B.     The Reasonableness Of The Fee.**

The reasonableness of the fee is evaluated under the factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974). According to the fee application, plaintiff's counsel spent a total of 39.95 hours on the case. (D.E. 20). This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing plaintiff's motion for summary judgment. The application further reveals that plaintiff's case was not undesirable, it did not limit the attorney's ability to accept additional work, and the issues presented were not novel or complex. Plaintiff's counsel is well-versed in the area of social security appeals and has appeared often before the courts in the Southern District of Texas. The results obtained were desirable.

It is recommended that the 39.95 hours spent on this case by plaintiff's attorney be found to be reasonable and necessary.

**C.     The Amount Of The Fee.**

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that Congress intended to provide for a cost-of-living increase: "[e]xcept in unusual circumstances ... if there is a significant difference in the cost of living

9

since [1996] in a particular locale that would justify an increase in the award, then the increase should be granted." Baker, 839 F.2d at 1084. The upward adjustment has always been linked to the Consumer Price Index ("CPI") as furnished by the Bureau of Labor Statistics. Perales v. Casillas, 950 F.2d 1066, 1074 (5th Cir. 1992).

**D.    The Calculation Of The Fee.**

Plaintiff's attorney worked a total of 39.95 hours on this case. He worked 5.25 hours in 2004 and 34.70 hours in 2005. (D.E. 20, Ex. B). Without objection, plaintiff's attorney calculates the cost-of-living adjustment pursuant to the EAJA to be $148.89 for the year 2004[1] and $153.72 for the year 2005.[2] These hourly rates correctly reflect the cost-of-living adjustment, and it is recommended that the EAJA award be calculated at these adjusted rates. Under these adjusted rates, the attorney fees are calculated as 5.25 hours multiplied by $148.89 ($781.67) plus 34.70 hours multiplied by $153.72 ($5,334.08) which equals $6,115.75. Plaintiff is entitled to attorney fees in the amount of $6,115.75.

---

[1] To calculate the appropriate cost-of-living adjustment for 2004, plaintiff compares the CPI for 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for 2004, 142.3 and 169.5 respectively, to find that the rate has increased 19.1%. (169.5 minus 142.3 = 27.2; 27.2 divided by 142.3 = 19.1%). A 19.1% increase equals $148.89 per hour. (D.E. 20, Ex. B).

[2] To calculate the appropriate cost-of-living adjustment for 2005, plaintiff compares the CPI for 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for April, 2005, 142.3 and 175.0 respectively, to find that the rate has increased 22.7%. (175.0 minus 142.3 = 32.7; 32.7 divided by 142.3 = 22.9%). A 22.9% increase equals $153.72 per hour. (D.E. 20, Ex. B).

## IV. **RECOMMENDATION**

It is recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because she is the prevailing party, the government's position was not substantially justified, and there are no special circumstances that make an award unjust. Furthermore, it is recommended that the 39.95 billable hours expended on this case by plaintiff's counsel were reasonable and necessary. Accordingly, it is recommended that plaintiff's motion for attorney fees be granted and that $6,115.75 in attorney fees be awarded.

Respectfully submitted this 28th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).